## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **TRIS S. HNEDAK***,* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action, Case No.:** _____ |
| **v.** | ) | |
| | ) | **JURY DEMANDED** |
| **ERLING'S RESTAURANT,** | ) | |
| **LLC,** *a Tennessee Limited Liability Company* | ) | |
| **Ms. Jaquilla Jensen,** owner of Erling's | ) | |
| Restaurant; and **Mr. Erling Jensen,** *owner of* | ) | |
| *Erling's Restaurant.* | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

---

**COMES NOW** the Plaintiff, Tris S. Hnedak (hereinafter referred to as "Ms. Hnedak," or "Plaintiff"), by and through counsel, and for her Complaint against Defendant, Erling's Restaurant, LLC, (hereinafter "Defendant Restaurant"), Defendant Jaquilla Jensen ("Ms. Jensen" or "Defendant J. Jensen") and Defendant Erling Jensen ("Mr. Jensen" or "Defendant E. Jensen"), states as follows:

### NATURE OF THE COMPLAINT

1. Ms. Hnedak brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Ms. Hnedak brings this action against Defendants for Defendants' willful failure to pay minimum wage to Plaintiff, who was employed as wait staff at Defendants' Restaurant.

Specifically, Plaintiff alleges that Defendants' practice of compelling its wait staff to contribute all of their tips to a pool, which were in turn used to offset Defendants' minimum wage obligations to other employees and/or were distributed to non-tipped employees, "poisoned" the tip pool such that the wait staff were entitled to receive minimum wage for all hours worked while the tip pooling arrangement was in place. Plaintiff also asserts a claim for unjust enrichment arising from Defendants' illegal retention of its wait staff's earned tips.

## PARTIES

3. Ms. Hnedak is an adult resident of Memphis, Shelby County, Tennessee.

4. Ms. Hnedak was an employee of Defendant for FLSA purposes.

5. Defendant Restaurant is a limited liability company organized under the laws of the State of Tennessee with a place of business in Memphis, Shelby County Tennessee and may be served through its registered agent Erling Jensen at1044 S. Yates Road, Memphis, Tennessee 38119-3708. At all relevant times complained of herein, Defendant Restaurant was an employer under 29 U.S.C. § 203(e)(1).

6. Upon information and belief, Defendant Erling Jensen is an individual resident of Shelby County, Tennessee. At all relevant times complained of herein, Defendant Erling Jensen was an employer under 29 U.S.C. § 203(e)(1).

7. Upon information and belief, Defendant Jaquilla Jensen is an individual resident of Shelby County, Tennessee. At all relevant times complained of herein, Defendant Jaquilla Jensen was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

8. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

9. Defendant Restaurant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendant Restaurant.

10. Defendants J. Jensen and E. Jensen can be found within Shelby County, Tennessee. Therefore, this Court has personal jurisdiction of Defendants J. Jensen and E. Jensen.

11. Defendants do business in the Western Division of Tennessee. Furthermore, all of the events giving rise to Ms. Hnedak's claims occurred in the Western District-Western Division of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District-Western Division of Tennessee.

## FACTUAL BACKGROUND

12. Defendants employed Ms. Hnedak, with Ms. Hnedak's employment beginning in approximately May 2016.

13. Defendants hired Ms. Hnedak to be a server at the restaurant.

14. Defendants failed and refused to pay Ms. Hnedak for all hours worked.

15. Ms. Hnedak was paid $2.13 per hour, plus tips by Defendants.

16. Defendants claimed the tip credit, 29 U.S.C. § 203(m), when they paid Ms. Hnedak an hourly wage of $2.13 per hour.

17. Ms. Hnedak worked approximately three to five days per week, whether in the restaurant or at an outside catering shift.

18. Ms. Hnedak worked anywhere from four to eight hours per shift.

19. Defendants did not allow Ms. Hnedak or the other servers at Defendant Restaurant to keep all of the tips that they earned.

20. Defendants had Ms. Hnedak enter into a tip pool agreement as a condition of her employment.

21. Ms. Hnedak held onto her customers' credit card slips until the end of the night.

22. At the end of her shift, Ms. Hnedak printed out a report to see all of her tips from that evening.

23. Ms. Hnedak was required to give this tip print-out to John Condy, General Manager or Defendant J. Jensen, Mr. Jensen's wife and owner, and Defendant E. Jensen, owner and chef.

24. At the end of each night's shift, Defendant pooled the servers' tips and a portion of the tip pool amount went to the hostess, food runner and the bartender.

25. Upon information and belief, a portion of the tip pool went to the general manager, John Condy and the owner, Defendant Jaquilla Jensen, which is not within the meaning of 29 U.S.C § 203(m).

26. Upon information and belief, Defendants implemented a practice that provided for a portion of the tip pool to be set aside for Mr. Condy, the manager.

27. Mr. Condy's job duties were administrative and managerial in nature.

28. Mr. Condy assigns duties to servers.

29. Mr. Condy manages the company's books.

30. Mr. Condy completed company paperwork.

31. A manager is not an employee who customarily and regularly receives tips.

32. Upon information and belief, Defendants implemented a practice that provided for a portion of the tip pool to be set aside for the owner.

33. The owner's job duties were administrative and managerial in nature.

34. An owner is not an employee who customarily and regularly receives tips.

35. By misappropriating a portion of the tip pool, Defendants improperly managed the tip pool.

36. Defendants did not satisfy the requirements of the Fair Labor Standards Act and Defendant is not eligible to take the tip credit.

37. Ms. Hnedak is entitled to the return of her tips and wages and compensation based on the standard minimum wage for all hours worked.

38. Ms. Hnedak was a non-exempt employee.

39. Ms. Hnedak clocked in and clocked out of her shifts with Defendants.

40. Defendants told Ms. Hnedak which work assignments to complete, when they had to be completed, and how work should be performed.

41. Defendants had the power to hire and fire Ms. Hnedak.

42. Defendants controlled the number of hours Ms. Hnedak worked, the rate, and the method of her payment.

43. Defendants failed to compensate Ms. Hnedak for all compensable time she worked for Defendant.

44. Ms. Hnedak's pay check was incorrect on multiple occasions.

45. Ms. Hnedak reported the inconsistencies with her pay to Defendant J. Jensen.

46. Defendant J. Jensen took miscellaneous deductions out of Ms. Hnedak's pay check.

47. Ms. Hnedak believed these deductions were illegal deductions under the FLSA.

48. Ms. Hnedak reported these illegal deductions to Defendant J. Jensen.

49. Ms. Hnedak reported violations of the FLSA to the TN DOL and US DOL.

50. Ms. Hnedak, informed Ms. Jaquilla Jensen, co-owner, that she had called the TN DOL to report wage and hour violations.

51. Ms. Jensen immediately terminated Ms. Hnedak's employment with Defendant Restaurant.

52. Mr. Jensen called Ms. Hnedak the next day to confirm that she had, in fact, been illegally terminated from Defendant Restaurant.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

53. Ms. Hnedak re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 52 as they were set forth fully herein.

54. Upon information and belief, at all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

55. Upon information and belief, at all relevant times, Defendants employed and continues to employ "employee[s]."

56. Upon information and belief, at all relevant times, Defendants have gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

57. Upon information and belief, Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA.

58. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt

employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

59. Ms. Hnedak is entitled to be paid minimum wage for all hours worked and is entitled to be paid overtime compensation for all hours worked over forty in a given work week.

60. Defendants, as an employer under the FLSA, must pay employees minimum wage.

61. Defendants took a "tip credit" when paying Ms. Hnedak her hourly wage of $2.13 per hour.

62. Employees who do not "customarily and regularly" receive tips were included in the tip pool in violation of the FLSA.

63. Further, upon information and belief, Defendants did not properly inform Ms. Hnedak of its intent to take the tip credit.

64. Upon information and belief, Defendant did not properly inform Ms. Hnedak who would be included in the tip pool.

65. As a result, Defendants were not eligible to take the tip credit.

66. As a result of Defendants' illegal actions in taking a tip credit, Ms. Hnedak was not properly compensated under the FLSA.

67. Specifically, Defendants failed to compensate Ms. Hnedak at a rate not less than the minimum wage required under the FLSA.

68. As a result of Defendants' failure to compensate Ms. Hnedak for all hours worked at a rate not less than minimum wage and to compensate her at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

69. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**Count II – Retaliation in Violation of the FLSA**

70. Ms. Hnedak re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 69 as they were set forth fully herein.

71. During the course of her employment, Ms. Hnedak reported wage an hour violations to the US DOL.

72. During the course of her employment, Ms. Hnedak reported wage an hour violations to the TN DOL.

73. Ms. Hnedak informed Defendants she filed a complaint with the TN DOL for wage and hour violations.

74. When Ms. Hnedak reported illegal deductions and tip pool violations to the owner and wage and hour violations to the TN DOL and US DOL, she engaged in activity protected by the FLSA.

75. As a result of engaging in this protected activity, Defendants terminated Ms. Hnedak in violation of 29 U.S.C. § 215(3).

76. Ms. Hnedak sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendants' illegal conduct, and Ms. Hnedak demands such legal and equitable relief as will effectuate the purposes of FLSA, including but not limited to, the following:

     a.    Compensatory damages;

     b.    Punitive damages;

     c.    Costs and attorney's fees;

      d.       Appropriate affirmative action;

      e.       Reinstatement or other equitable relief;

      f.       Accrual of back and front pay and fringe benefits; and

      g.       Any other relief that this Court deems just and equitable.

**COUNT III- Violation of the Tennessee Public Protection Act-
Tenn. Code Ann. § 50-1-304 (2013) and Tennessee Common Law,
*Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528 (Tenn. 2002)**

77. Ms. Hnedak re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 76 as they were set forth fully herein.

78. During the course of her employment, Ms. Hnedak reported wage an hour violations to the US DOL.

79. During the course of her employment, Ms. Hnedak reported wage an hour violations to the TN DOL.

80. Ms. Hnedak informed Defendants she filed a complaint with the TN DOL for wage and hour violations.

81. Ms. Hnedak refused to remain silent while Defendants failed to pay her in accordance with the FLSA.

82. Compensating employees in accordance with the law is an important public policy concern because it affects statutorily protected labor and employment rights.

83. When Ms. Hnedak reported illegal deductions to the owner and wage and hour violations to the TN DOL and US DOL, she engaged in activity protected by the FLSA.

84. The true reason for Ms. Hnedak's termination was because she complained about and sought remediation of Defendant's illegal pay practice.

85. There was a direct causal link between Ms. Hnedak's protected activity and her wrongful termination.

86. As a result of engaging in this protected activity, Defendants terminated Ms. Hnedak in violation of the Tennessee Public Protection Act and Tennessee Common Law.

87. Ms. Hnedak sustained substantial monetary and non-monetary damages as a direct and proximate cause of Defendants' illegal conduct, and Ms. Hnedak demands such legal and equitable relief as will effectuate the purposes of the TPPA and Tennessee Common law, including but not limited to, the following:

   a. Compensatory damages;

   b. Punitive damages;

   c. Costs and attorney's fees;

   d. Appropriate affirmative action;

   e. Reinstatement or other equitable relief;

   f. Accrual of back and front pay and fringe benefits; and

   g. Any other relief that this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Hnedak prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

4. Award her costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Ms. Hnedak hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: June 13, 2017

Respectfully submitted,

s/Bailey G. Hill_____
Bailey G. Hill, TN Bar No. 33664
Laura Ann E. Bailey, TN Bar No. 027078
Alan G. Crone, TN Bar No. 014285
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
lbailey@cronelawfirmplc.com
bhill@cronelawfirmplc.com
*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

I, Tris Hnedak, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Tris Hnedak

Date: ___6|12|17___